```
1  In Proper, Se.    United States District Court
2  Timothy W. Paige  Eastern District of California
3  #A874,5-CH
4  550 6th St.                                28 U.S.C. 1331
5  Oakland, CA 94607                          42 U.S.C. 1983
6  Timothy W. Paige
7        v.        Plaintiff,       2:17-cv-02594-DB
8
9  U.S.P. Canaan, Pennsylvania
10 Bureau of Prison
11          Defendant:
```

FILED
DEC 12 2017
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

## COMPLAINT

To the Honorable Judge, Ira L. Nunley of the United States of America in the Eastern District Courts of California. Plaintiff, Timothy W. Paige request of the courts to file petition, violations 1983 civil actions against defendants. Said parties for the following: callous in differences, defamation of character, cruel and unusual punishment, Negligence, breach of duty, disorderly conduct. (Estell vs. Gamble) U.S. Sup. ct. 8th amendment for the deprivation of rights secured in the United States Constitution under the color of state and federal law. Jury Trial Demanded, Fed. Rule 37, F.R. Civ. Procedure.

(1)

## STATEMENTS OF FACTS

As of April, 2016 in the Eastern District Court of California, in the United States of America in Sacramento, California. Timothy W. Paige xref 1811525 was sentenced to a term of 60 mths. B.O.P. on a violation 841 U.S.C. before the Honorable Judge, Troy L. Nunley, and attorney, Scott L. Tedmon. The Probation accessment of a $100.00 restitution was paid, and no warrants or dispositions to address; the custody status (Med.) reccommendation FCI Fairton, NJ. and RDAP.
I, Timothy W. Paige was tranferred by the U.S. Marshalls' from Sacramento County Main Jail to wear personal properties, all <u>blue Air Jordan Hoodie(3xL), blue Nike Socks, Air Jordan T-shirt (3xL), Hanes boxers(3xL 42), Air Jordan Shorts(3xL) Nike Air Max shoes(9½) Navy blue.</u> The U.S. Marshalls' tranferred me to Pahrump, NV. B.O.P. custody.
As to following procedures and policies; I was instructed to fill-out a inmates withdrawal to request all the following listed, personal properties for $20.00 be addressed and mailed to attorney: Ms. Carmen E. Butler 1007 7th Street, Suite 100 Sac, CA. 95814
May, 2016 the U.S. Marshalls' transferred me to USP Canaan, (High) custody status (GP) general population.   USP Canaan was on lockdown, modified program. I went before Unit Team, Gambone to advise him of the custody and classification error by Bureau of Prisons and no assistance was granted.

(2)

1  I was classified by the Case Manager of Facility B.
2  and provided a print-out by the court of proof that
3  the accessments fees was paided and disclosed errors
4  of negligence by classification calculations for
5  appropriate housing, transferred to a FCI (med.) custody.
6  The Case Manager alledged that I had fees and warrants.
7  As to following procedures and policies of USP Canaan,
8  Informally, I addressed matters of concerns to the (AW)
9  Associate Warden, not to grant no assistance. I contacted
10 attorney, Scott L. Tedmon and addressed the B.O.P. by
11 "BP-8, BP-9, Administrative Remedies," and provided said copies to
12 the Eastern District Courts, to the Hon. Troy L. Nunley, and probation
13 June, 2016. I observed Unit Team, and Case Manager, allow
14 an inmate be in a situation, which #2 or more inmates assaulted
15 the inmate over a cell (see audio recorded). I was to be enrolled
16 in RDAP by Sup Cook, a female staff denied me, and I filed a
17 BP-8, & BP-9, I was informed the staff would place me in RDAP
18 if the Administrative Remedies wasn't addressed, so I resolved it,
19 but staff manipulated the situation not to be enrolled. July, 2016
20 an inmate advised me that staff implicated that I was
21 making problems, meaning writing-up staff, something in regards
22 to paperwork. I felted compromised, position of a indirect threat
23 for my well-being and safety.

(3)

1  August, 2016 to avoid being involved in disruptive behaviors
2  or negative situations with staff or any inmates alike.
3  I informed the Lt. that my safety was in jeopardy and staff
4  is not assisting. I was re-housed to (SHU) security housing unit,
5  Sept, 2016 upon being housed in (SHU) another inmate was
6  housed with me, as a cellmate. He advised the C.O./staff
7  that he did not want to be housed in the cell. He was placed
8  in restraints and housed in the front cage. The morning shift
9  C.O./sgt. and other staff at the hrs. 5am. approached me to be
10 awakened, placing me in restraints to push me against
11 the wall, threathening me, hitting me, to state "this is not Cali-
12 fornia, shouting that I'm a snitch," making me announce to
13 the tier, why I was in (SHU). They unrestrainted my celley to
14 tell him to physically assault me but he did not and they
15 made him get in the shower, as they unhandcuffed me.
16 Sometime they disreguarded to feed me. October, 2016
17 I received a notice from Ms. Carmen E. Butler that the
18 properties delivered was not my property. I addressed
19 matters to U.S.P. Canaan, and the B.O.P. Petrump, NV. by BP-8, BP-9
20 I sented properties to the B.O.P. by Priority Mail
21 with Tort Claim form, no compensation was granted.
22 Each day and every night, I was in fear for my life, until
23 December, 2016 of being transferred.

(4)

## Damages Sought

1. B.O.P
2. USP Canaan
3. B. unit team Gumkowe
4. Case Manager
5. Associate warden
6. Psyc

The following are being sued for lost of liberty, grief, mortification, stress, humiliation, pain, and suffering, breach of security, and emotional trauma, loss of properties.

To their capacity for the sums $4,000,000.00 each, $4,000,000.00 in their individual capacity, compensatory, punitive, and general damages.

I execute the foregoing true and correct pursuant to 28 U.S.C. 1746 in Pro Per, Se.

Date: 11-28-2017

*L. Page*

Timothy W. Paige
UM874 5-C-H
550 6th Street
Oakland, CA. 94607

Jury Trial Demand    Rule 37, F.R. Civ Proc.

(5)