UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY WAYNE PAIGE, | No. 2:17-cv-2594 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| USP CANAAN, et al., | |
| Defendants. | |

Plaintiff is a federal prisoner proceeding pro se with a civil rights action. Before the court are plaintiff's motion to proceed in forma pauperis and plaintiff's complaint for screening. For the reasons set forth below, the court finds that venue is appropriate in the Middle District of Pennsylvania and will order the case transferred there. The court declines to rule on plaintiff's motion to proceed in forma pauperis.

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Because plaintiff is a federal prisoner, his civil rights claims arise under Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). A Bivens action is the federal analog to suits brought against state officials under 42 U.S.C. § 1983. Hartman v. Moore, 547 U.S. 250 (2006). The basis of a Bivens action is some illegal or inappropriate conduct on the part of a federal official or agent that violates a clearly established constitutional right. Baiser v. Department of Justice, Office of U.S. Trustee, 327 F.3d 903, 909 (9th Cir. 2003). "To state a claim for relief under Bivens, a plaintiff must allege that a federal officer deprived him of his constitutional rights." Serra v. Lappin, 600 F.3d 1191, 1200 (9th Cir. 2010) (citing Shwarz v. United States, 234 F.3d 428, 432 (9th Cir. 2000)). A Bivens claim is only available against officers in their individual

2

capacities. Morgan v. United States, 323 F.3d 776, 780 n.3 (9th Cir. 2003); Vaccaro v. Dobre, 81 F.3d 854, 857 (9th Cir. 1996). "A plaintiff must plead more than a merely negligent act by a federal official in order to state a colorable claim under Bivens." O'Neal v. Eu, 866 F.2d 314, 314 (9th Cir. 1988).

Finally, to state a claim under Bivens, a plaintiff must establish a link between his injury and the actions of each defendant. Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009). A defendant cannot be held liable solely on the basis of supervisory responsibility or position. See Terrell v. Brewer, 935 F.2d 1015, 1018 (9th Cir. 1991) (respondeat superior theory of liability inapplicable to Bivens actions).

**II.     Allegations of the Complaint**

It is not clear just what conduct is the subject of plaintiff's complaint. Plaintiff states that he was sentenced in April 2016 in this court to a term of 67 months. (Comp. (ECF No. 1) at 2.) He was then taken into custody by the Bureau of Prisons and transferred from the Sacramento County Jail to federal custody in Pahrump, Nevada. (Id.) Apparently plaintiff's personal property – consisting of several items of clothing – was taken from him before or during this transfer. Plaintiff appears to be seeking either to have that property returned, damages for its loss, or compensation for returning it. (Id. at 2, 4.)

Thereafter, plaintiff was transferred to the United States Penitentiary at Canaan, Pennsylvania ("USP Canaan"). (Id.) Plaintiff states that he was mis-classified and should have been transferred to a medium security facility. (Id. at 3.) Plaintiff then seems to be alleging that he was placed in unsafe situations while at USP Canaan and was threatened by staff. (Id. at 3-4.) He states that he is filing this suit "for los[s] of liberty, grief, mortification, stress, humiliation, pain and suffering, breach of security, and emotional trauma, loss of properties." (Id. at 5.)

Plaintiff identifies only USP Canaan and, it appears, some employees there as defendants. (See id.)

////

3

### III. Venue is not Appropriate in this District

Any claims plaintiff is alleging against personnel at USP Canaan are not properly brought in this court. Pursuant to 28 U.S.C. § 1391(b), venue over a civil rights action such as plaintiff's Bivens claim involving his treatment at USP Canaan properly lies in:

> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Because USP Canaan is located in the state of Pennsylvania, any Bivens claims plaintiff wishes to pursue against personnel at USP Canaan should be have been brought in the appropriate federal district court in Pennsylvania. USP Canaan lies in the Middle District of Pennsylvania.

Plaintiff also appears to be attempting to raise a Federal Tort Claim Act claim against the Bureau of Prisons regarding actions taken by personnel at USP Canaan and in Pahrump, Nevada, regarding the failure to provide him with his personal property or to compensate him for the return of that property. (ECF No. 1 at 4.) Again, venue in this district is not appropriate. See 28 U.S.C. § 1402(b) (venue for tort claim against the United States only appropriate where the plaintiff resides or whether the act complained of occurred). In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Because plaintiff does not appear to be alleging any claims against defendants in the Eastern District of California, plaintiff does not himself reside in the Eastern District of

////
////
////
////
////
////

California, and he does not complain of conduct occurring in this district, IT IS HEREBY ORDERED that this case be transferred to the Middle District of Pennsylvania.

Dated: May 22, 2018

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:9
DB/prisoner-civil rights/paig2594.21